WILLIAM MITCHELL AND ANTHONY MIMS, PLAINTIFFS IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

Appellate Practice—Failure of Plaintiff in Error to File Briefs—Dismissal.

When the appellate court reaches a criminal cause in its regular order upon the docket for final adjudication, and finds that no briefs have been filed by either the plaintiff in error or the defendant in error, as provided for by rule 21, of the Supreme Court, the writ of error will be dismissed.

Writ of Error to the Criminal Court of Record for Duval County.

The facts in the case are stated in the opinion of the Court.

*Geo. U. Walker*, for Plaintiffs in Error.

PER CURIAM:

The writ of error in this case was issued to the Criminal Court of Record for Duval county on the 11th day of June, 1900, returnable to the 13th day of July, 1900, the transcript of record having been filed here on August 18th, 1900, with assignment of errors.

Rule twenty-one of the rules of practice for the conduct of causes in this court provides that in criminal causes the briefs of the plaintiff in error shall be filed within ten days after the return day of the writ of error. Although more than seventy days have passed since the return day of the writ of error, no briefs or other presentation of the errors assigned have been filed or made, either in behalf of the plaintiffs in error or the defendant in error, and the court having reached the cause for final determination in its regular order on the docket, the writ of error therein is, therefore, dismissed.